Michael Glenn Williams v. Gary Johnson etal















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-346-CV

Â Â Â Â Â MICHAEL GLENN WILLIAMS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â GARY JOHNSON, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 01-3-3841
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â TDCJ inmate Michael Glenn Williams appeals from an order dismissing his suit for want of
prosecution. The Clerk of this Court filed Williamsâs first brief on April 2, 2003. The Clerk sent
the following notice to Williams regarding his brief on April 9:
[Appellantâs] brief is deficient because it does not clearly state the reasons appellant
believes the trial courtâs judgment is in error. See Tex. R. App. P. 38.1(e). Appellant
is directed to file a brief which plainly states the grounds for his appeal within 20 days
after the date of this letter. If appellant fails to comply, the appeal will continue as if
appellant failed to file a brief. See Tex. R. App. P. 38.9(a).

Â Â Â Â Â Â The Clerk received an amended brief from Williams on April 29 which likewise failed to
clearly state the grounds of error. The Clerk sent the following notice to Williams on May 8:
By letter dated April 9, 2003, the Clerk of this Court notified appellant that his original
brief was deficient because it did not âclearly state the reasons appellant believes the trial
courtâs judgment is in error.â Appellant was directed to file an amended brief plainly
stating the grounds for appeal within 20 days. The Court received Appellant[âs] â3rd
Briefâ on April 29. However, this new brief still does not clearly state the grounds for
appeal. If appellant fails to file a proper brief and provide a copy to counsel for appellees
within 20 days after the date of this letter, his appeal may be dismissed. See Tex. R.
App. P. 38.9.

Â Â Â Â Â Â The Clerk received another brief from Williams on May 20. An excerpt from this most recent
brief serves to demonstrate that appellant still has not complied with the requirement of Rule
38.1(e) that an appellantâs brief âmust state concisely all issues or points presented for review.â 
Id. 38.1(e). Under heading âI.â of Williamsâs most recent brief, he states:
Appellant. the Testimonyâs where Impeachable of stateâs witnesses-Sergeant-Mr.
Lyonâs,-in hearing disciplinary, denial of his Presents can be found on Major cases Filed
on September 18, 2001, he conducted. Fed. rule civil Proc. 609,-27(a)(2),-24(a)(b), And
(2) caseâs dismissed that supposed to have been âexpungedâ invaild [sic] False Prejudice
bias,-âActs of bad Faithâ Rebuttle [sic] witnesses denialâs see Merritt v. Delos Santos,
712 F2d. 598 at 600.

Williamsâs May 20 âbriefâ does not comply with the prior directives sent him by the Clerk of this
Court. Rule of Appellate Procedure 38.9(a) provides:
(a) Formal Defects. If the court determines that this rule has been flagrantly
violated, it may require a brief to be amended, supplemented, or redrawn. If another
brief that does not comply with this rule is filed, the court may strike the brief, prohibit
the party from filing another, and proceed as if the party had failed to file a brief.

Id. 38.9(a). Rule of Appellate Procedure 38.8(a)(1) provides that if an appellant fails to timely
file a brief, the Court may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellantâs failure to timely file
a brief.

Id. 38.8(a)(1).
Â Â Â Â Â Â The Clerk of this Court notified Williams that his brief did not comply with Rule 38 and that
he must file an amended brief within twenty days. Id. 38.9(a). The Clerk also notified him that
his appeal may be dismissed if he failed to file a proper brief. Id. 42.3(b), 44.3. Williams has
failed to file a proper brief after being given two opportunities to do so. Id. 42.3, 38.9(a). 
Therefore, we strike his May 20 brief and dismiss this appeal for want of prosecution. Id.
38.8(a)(1), 38.9(a), 42.3.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed for want of prosecution
Opinion delivered and filed June 4, 2003
[CV06]



_ftnref2"
name="_ftn2" title="">[2]
   Burton states in his first point
that Âthere are insufficient facts to show the alleged injuries which [Reyna]
claimed to have suffered.ÂÂ  We construe this as an assertion that there is
insufficient evidence to prove that she suffered Âbodily injuryÂ as alleged in
the indictment.





[3]
Â Â Â Â Â Â Â Â Â  42 U.S.C.A. Â§ 13981 (West 1995
& Supp. 2005) (held unconstitutional in U.S. v. Morrison, 529 U.S. 598, 627, 120 S. Ct. 1740, 1759, 146 L. Ed. 2d 658 (2000)).